IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2019 APR -4  P 2: 29

| | |
|---|---|
| KENNETH BOLLING, | ) |
| Plaintiff, | ) CASE NO 2:19-cv-00244-SRW |
| v. | ) JURY TRIAL REQUESTED |
| CITY OF MONTGOMERY, | ) |
| Defendant. | ) |

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

**COMES NOW** the Plaintiff, Kenneth Bolling, by and through his undersigned counsel of record, and states the following Complaint against the above-named Defendant, City of Montgomery, as set forth herein below.

### I. JURISDICTION & VENUE

1. Plaintiff Kenneth Bolling files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, and pursuant to 42 U.S.C. § 1983, the asserts that the Defendant violated the Plaintiff's procedural due process rights provided by the Fourteenth Amendment to the U.S. Constitution; and violated the Plaintiff's right to receive earned overtime compensation pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, et seq.

2. Plaintiff Kenneth Bolling also invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, and asserts that the Defendant violated the Plaintiff's right to equal protection provided pursuant to 42 U.S.C. § 1981. The Plaintiff further claims supplemental jurisdiction by virtue of 28 U.S.C. Section 1367, and asserts that the Defendant breached the

contract or employment agreement with Plaintiff by failing to compensate Plaintiff for earned sick leave and earned annual leave.

3. Venue is proper in the Northern Division of the Middle District of Alabama, as the alleged discriminating actions of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Kenneth Bolling (hereinafter referred to as "Plaintiff" or "Mr. Bolling"), is a citizen of the United States and a resident of Montgomery County, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, City of Montgomery, (referred to herein as "Defendant" or "the City") is an Alabama municipality located in Montgomery County, Alabama. At all times relevant to this complaint, up to and including the date of his wrongful termination, Plaintiff was employed by the Defendant.

## III. STATEMENT OF FACTS

6. Mr. Bolling is a 56 year-old male. Mr. Bolling was a merit employee who worked for the Montgomery Fire Department for over thirty-three (33) years until the City constructively terminated him on June 29, 2018.

7. On or about June 27, 2018, while away from work, Mr. Bolling was allegedly involved in a dispute with his girlfriend. As a result, the Montgomery Police Department filed certain misdemeanor charge(s) against Mr. Bolling in the Municipal Court of Montgomery. On August 6, 2018, Mr. Bolling's girlfriend, who did not file the complaint, filed a Voluntary

Motion to Dismiss the misdemeanor charge(s) brought by the City of Montgomery against Mr. Bolling, and the charges were dismissed.

8. On or about June 28, 2018, Chief Milford Jordan, Fire Chief of the Montgomery Fire Department (hereinafter referred to as "Chief Jordan") contacted Mr. Bolling and advised Mr. Bolling of a misdemeanor warrant that had been issued for his arrest.

9. Also, on June 28, 2018, Chief Jordan prepared a Memorandum placing Mr. Bolling on administrative leave with pay, pending the City's investigation.

10. On or about June 29, 2018, Chief Jordan and Chief J.L. Petrey, Chief of Staff of the Montgomery Fire Department, (hereinafter referred to as "Chief Petrey") met with Mr. Bolling at the Montgomery Fire Department.

11. While meeting with Chief Jordan and Chief Petrey, Mr. Bolling requested the day he could return from administrative leave. In response, Chief Jordan and Chief Petrey advised Mr. Bolling that the City was going to terminate him, and instructed Mr. Bolling to return to the City Fire Department his vehicle, telephone and any other fire department equipment.

12. Also, at this meeting on June 29, 2018, Chief Jordan and Chief Petrey informed Mr. Bolling that the City was not going to compensate him (Mr. Bolling) for the annual leave, sick leave and compensatory time he had earned while an employee of the Montgomery Fire Department.

13. Chief Jordan further advised Mr. Bolling that if did not immediately resign, the City would terminate him.

14. On or about June 29, 2018, under coercion and duress, Mr. Bolling submitted his resignation.

15. The City's actions forcing Mr. Bolling to resign under such coercion and duress amounted to the City's "constructive discharge" of Mr. Bolling.

16. As a direct result of the City's constructive termination, Mr. Bolling has lost valuable income and employment benefits. In addition, Mr. Bolling has experienced significant mental and emotional anguish, and incurred costs and attorney's fees in this matter.

### IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE PLAINTIFF'S DUE PROCESS RIGHTS
### PURSUANT TO THE U.S. and ALABAMA CONSTITUTIONS

17. Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 16, inclusive.

18. The City of Montgomery employed Plaintiff pursuant to the City's Personnel Rules and Regulations.

19. The Plaintiff is informed and believes, and on that basis alleges, that he had a property right in continued employment with the City pursuant to the Montgomery Personnel Rules and Regulations, and therefore is entitled to the protections of procedural due process afforded by the Alabama Constitution (1901) Art. I, § 13 and §35, and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

20. Procedural due process, protected and provided by the Alabama Constitution, the United States Constitution, and the Montgomery Personnel Rules and Regulations, requires notice and an opportunity to be heard when one's life, liberty, or property interests are about to be affected by governmental action.

21. The City's actions are governmental actions that deprived the Plaintiff of constitutionally-protected liberties or property interests without providing a mandatory constitutionally-adequate notice, process or hearing.

22. Upon constructively terminating Mr. Bolling, by refusing to allow Mr. Bolling to remain employed, and by forcing him to resign under coercion and duress, the City denied and refused to provide Plaintiff any oral or written notice of any charges, an explanation of the City of Montgomery's evidence, and an opportunity to present his side of the story.

23. The City unlawfully deprived Mr. Bolling of employment, income, benefits and other property without providing adequate notice or with a pre-termination hearing.

24. As the direct and proximate result of the City's violation of the Plaintiff's due process rights, Plaintiff has incurred, and is currently incurring, a loss of wages and benefits in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant him the following relief:

a) Judgment for these costs including, without limitation, lost wages and benefits;

b) back pay from the effective date of termination;

c) lost benefits and medical expenses from the date of termination, including any lost employment benefits from the date of termination;

d) the loss of front pay as of the date of this complaint, and any interest on the amount thereon;

e) compensatory damages, including for mental anguish,

f) court costs and reasonable attorneys' fees; and

g) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT II
## (VIOLATION OF THE PLAINTIFF'S RIGHTS AND INCOME PURSUANT TO THE FAIR LABOR STANDARDS ACT 29 U.S.C. §§ 201, et seq.

25. Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 24, inclusive.

26. The City of Montgomery employed Plaintiff pursuant to the Fair Labor Standards Act, State law, and the City's Personnel Board Rules and Regulations.

27. The Plaintiff is informed and believes, and on that basis alleges, that he earned and had a right to be compensated for compensatory time for overtime worked with the City pursuant to the Fair Labor Standards Act, State law and the City's Personnel Board Rules and Regulations.

28. The Plaintiff is informed and believes, and on that basis alleges, that upon his constructive termination, the City violated the Fair Labor Standards Act, State law, and the City's Personnel Board Rules and Regulations by refusing to pay Plaintiff for any unused compensatory time he had earned while an employee of the City.

29. As the direct and proximate result of the City's violation of the Fair Labor Standards Act, State law and the City's Personnel Board Rules and Regulations, Plaintiff has incurred, and is currently incurring, a loss of wages and benefits in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant him the following relief:

a) Judgment for the amount of any earned and unused compensatory time;

b) compensatory damages, including damages for mental anguish,

c) liquidated damages as allowed by law;

d) court costs and reasonable attorneys' fees as allowed by law; and

e) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT III
## BREACH OF CONTRACT

30. Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 29, inclusive.

31. The City of Montgomery employed Plaintiff pursuant to verbal and/or written agreements, including, but not limited to, the terms of compensation and benefits provided by the City's Personnel Board Rules and Regulations.

32. The Plaintiff is informed and believes, and on that basis alleges, he had earned and had a right to be compensated for the accrued annual leave and accrued sick leave provided by the City to Plaintiff and other employees pursuant to verbal and/or written agreements, including, but not limited to, the City's Personnel Board Rules and Regulations.

33. The Plaintiff is informed and believes, and on that basis alleges, upon his constructive termination, the City violated the terms of its verbal and/or written agreements with the Plaintiff, by refusing to pay Plaintiff for any and all accrued annual leave and accrued sick he had earned while an employee of the City.

34. As the direct and proximate result of the City's violation of the terms of its verbal and/or written agreements with the Plaintiff, Plaintiff has incurred, and is currently incurring, a loss of wages and benefits in an amount to be proved at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant him the following relief:

a) Judgment for the amount of any earned, accrued, and unused annual leave and sick leave, including interest;

b) compensatory damages, including for mental anguish,

c) liquidated damages;

d) court costs and reasonable attorneys' fees; and

e) equitable and such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT IV
## RACE DISCRIMINATION - 42 U.S.C § 1981

35. Plaintiff realleges and incorporates herein, by reference, each and every allegation contained in paragraphs 1 through 34, inclusive.

36. The Plaintiff is informed and believes, and on that basis alleges, that the City discriminated and retaliated against him, in violation of 42 U.S.C § 1981.

37. Plaintiff avers that the Defendant's race discrimination violated its own rules and policies, including, but not limited to, the City's Personnel Board Rules and Regulations

38. As the direct and proximate result of the City's race discrimination and related retaliation, the Plaintiff has incurred, and is currently incurring, a loss of wages and benefits in an amount to be proved at trial. In addition, Plaintiff has suffered considerable mental and emotional anguish.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that this Court grant the following relief:

    a)    A declaratory judgment finding that the City violated 42 U.S.C. §1981, and an injunction enjoining and prohibiting the Defendant from continuing said violation and discrimination;

    b)    An award granting Plaintiff compensation for all lost pay benefits and other rights, to which Plaintiff would have been entitled, had Plaintiff not been the victim of racial discrimination, effective the date of final judgment with back pay for the period that Plaintiff was out of work, and not receiving income;

    c)    An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

    d)    An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

    e)    An award of punitive damages; and

    f)    Any other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 4th day of April, 2019.

/s/ Julian L. McPhillips, Jr.
Julian L. McPhillips, Jr.

/s/ David Sawyer
K. David Sawyer – Of Counsel

Julian L. McPhillips, Jr.
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@msg-lawfirm.com
Counsel for Plaintiff

K. David Sawyer – Of Counsel
516 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 356-4301
Facsimile: (334) 263-2321
kdsawyer64@outlook.com
Counsel for Plaintiff