# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KENNETH BOLLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:19-CV-244 |
| | ) |
| CITY OF MONTGOMERY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, City of Montgomery, Alabama (the "City"), by and through undersigned counsel, hereby answers Plaintiff's Complaint (Doc. 1) and sets forth its affirmative defenses as follows, to wit:

## ANSWER

The City answers Plaintiff's Complaint in correspondingly-numbered paragraphs as follows. All allegations not admitted below are hereby denied.

### I. JURISDICTION & VENUE

1. To the extent paragraph 1 of Plaintiff's Complaint contains introductory information or states legal conclusions, no response is required. To the extent a response is required, the City agrees that Plaintiff is invoking jurisdiction and seeking relief pursuant to the statutes cited in paragraph 1, but the City denies that it acted unlawfully towards Plaintiff in any manner or that Plaintiff is entitled to any relief whatsoever. The City denies the remaining allegations contained in paragraph 1 and demands strict proof thereof.

2. To the extent paragraph 2 of Plaintiff's Complaint contains introductory information or states legal conclusions, no response is required. To the extent a response is

required, the City agrees that Plaintiff is invoking jurisdiction and seeking relief pursuant to the statute cited in paragraph 2, but the City denies that it acted unlawfully towards Plaintiff in any manner or that Plaintiff is entitled to any relief whatsoever. The City denies the remaining allegations contained in paragraph 2 and demands strict proof thereof

3. The City admits, for venue purposes only, that venue is proper in the United States District Court for the Middle District of Alabama, Northern Division. The City denies the remaining allegations in paragraph 3 that it acted unlawfully towards Plaintiff in any manner or that it has committed any act or omission giving rise to liability, and demands strict proof thereof.

## II. PARTIES

4. The City admits that Plaintiff is of legal age. At this time, the City is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 4 regarding the status or residency of Plaintiff and therefore, denies same and demands strict proof thereof.

5. The City admits for jurisdictional purposes only that it is an Alabama municipality located in Montgomery County, Alabama. The City denies the remaining allegations contained in paragraph 5 and demands strict proof thereof.

## III. STATEMENT OF FACTS

6. The City admits Plaintiff is a 56 year old male and that he was a merit employee who worked for the City of Montgomery until June 29, 2018. The City denies all other allegations of paragraph 6 and demands strict proof thereof.

7. The City admits Plaintiff was involved in a domestic violence incident with his girlfriend in June, 2018, that the City of Montgomery Police Department filed charges against

him and that the charges were subsequently dismissed. The City denies all other material allegations of paragraph 7 and demands strict proof thereof.

8. Denied.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. The City admits Plaintiff submitted his resignation, effective immediately, on June 29, 2018 but denies all other allegations of paragraph 14 and demands strict proof thereof.

15. Denied.

16. Denied.

### IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT I
### DUE PROCESS PURSUANT TO THE U.S. and ALABAMA CONSTITUTIONS

17. The City adopts and incorporates its answer to Plaintiff's allegations set forth above as if the same were fully set out herein.

18. Denied.

19. Denied.

20. The City admits that the Fourteenth Amendment to the U.S. Constitution protects against the arbitrary denial of life, liberty or property by the government, but denies the remainder of the statement in paragraph 20 is entirely too general and simplified. Therefore, Defendant denies the remaining allegations and demands strict proof thereof.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

The City denies Plaintiff is entitled to any relief requested in the alphabetized but unnumbered paragraph following paragraph 24 of Plaintiff's Complaint.

## COUNT II

## FAIR LABOR STANDARDS ACT
## 29 USC §§201, et seq.

25. The City adopts and incorporates its answer to Plaintiff's allegations set forth above as if the same were fully set out herein.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

The City denies Plaintiff is entitled to any relief requested in the alphabetized but unnumbered paragraph following paragraph 29 of Plaintiff's Complaint.

## COUNT III

## BREACH OF CONTRACT

30. The City adopts and incorporates its answer to Plaintiff's allegations set forth above as if the same were fully set out herein.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

The City denies Plaintiff is entitled to any relief requested in the alphabetized but unnumbered paragraph following paragraph 29 of Plaintiff's Complaint.

## COUNT IV

## RACE DISCRIMINATION – 42 USC §1981

35. The City adopts and incorporates its answer to Plaintiff's allegations set forth above as if the same were fully set out herein.

36. Denied.

37. Admitted.

38. Denied.

The City denies Plaintiff is entitled to any relief requested in the alphabetized but unnumbered paragraph following paragraph 29 of Plaintiff's Complaint.

## V.  JURY DEMAND

The City admits Plaintiff makes a demand for a jury trial, but denies there is a cause of action or any issues for the trier of fact to determine.

Any allegation of Plaintiff's Complaint that has not been specifically admitted or denied by the City is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant asserts Plaintiff's failure to exhaust administrative remedies thus barring certain claims.

### THIRD AFFIRMATIVE DEFENSE

Defendant pleads the general issue.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies all material allegations not specifically admitted and demands strict proof thereof.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to state injuries or damages for which any relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Defendant pleads the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads that all of its actions were for a legitimate, non-discriminatory and non-retaliatory business reason for all employment decisions.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to state any adverse employment action or damages caused by Defendant which violated Plaintiff's constitutional rights or for which any relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to state any claims for a cause of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 through §1983 for which any relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Defendant pleads substantive, qualified and/or discretionary function immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant pleads that any award of punitive damages would violate the U.S. Constitution and Constitution of Alabama.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

**RESERVATION OF DEFENSES**

Defendant reserves the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 26th day of April, 2019.

/s/ Stacy Lott Reed
Stacy Lott Reed (REE050)
ASB 3470-D63S
sreed@montgomeryal.gov

OF COUNSEL:
City of Montgomery
City Attorney's Office
PO Box 1111
Montgomery, Alabama, 36101
(334) 625-2050
(334) 625-2310 facsimile

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 26th day of April, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

K. David Sawyer
Julian L. McPhillips, Jr.
516 South Perry Street
Montgomery, AL 36104
kdsawyer64@outlook.com
jullianmcphillips@msg-lawfirm.com

                /s/ Stacy Lott Reed
                OF COUNSEL