**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **KENNETH BOLLING,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **2:19-CV-244-ALB-SRW** |
| § | |
| **CITY OF MONTGOMERY, et al.** § | |
| § | |
| Defendants. § | |

### MOTION FOR SUMMARY JUDGMENT OF CITY OF MONTGOMERY

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, Defendant City of Montgomery moves this Honorable Court for summary judgment as the undisputed facts and applicable law show that there is no genuine issue as to any material fact. As moving party, Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims.

In support of the Motion for Summary Judgment, Defendant relies on the following: Complaint and Answers, affidavits, depositions, answers to discovery and disclosure materials on file and the following evidentiary submissions and Defendants' Memorandum of Law in Support of Summary Judgment:

| | | |
|---|---|---|
| DX 1 | | Bolling Deposition Excerpts |
| DX 2 | | Excerpts of Municipal Court File |
| DX 3 | | Affidavit of Director Ron Sams |
| DX 4 | | Excerpts of Montgomery Fire Department Policies and Procedures |
| DX 5 | | Excerpts of City Investigations File |
| DX 6 | | Excerpts of Bolling Personnel File |

        DX 7        Affidavit of B. Gramling

        DX. 8        City of Montgomery Responses to Plaintiff's Interrogatories

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### Fourteenth Amendment Due Process Claims

Plaintiff alleges he was constructively discharged and not afforded due process. However, the evidence shows he had an in depth knowledge of the Montgomery City County Personnel Board Rules as well as City of Montgomery Policies and Procedures which afford a person due process if they are subject to disciplinary action. Plaintiff had the opportunity to await the outcome of a city investigation to determine if he violated policy as a result of the events surrounding his most recent arrest for domestic violence. Upon completion of the investigation, his employer would determine whether his conduct would subject him to disciplinary action, and if so, he would then be afforded due process. Instead, he elected to resign "effective immediately" and apply for retirement benefits. This does not constitute constructive discharge, and a person who voluntarily resigns is not entitled to due process.

### 29 USC §201, Fair Labor Standards Act

Plaintiff alleges his rights under the Fair Labor Standards Act were violated because he didn't receive compensation for any compensatory time he had accrued during his employment with the Montgomery Fire Department. However, the evidence submitted demonstrates he received payment for all accrued compensatory time.

### Breach of Contract

Plaintiff alleges the Montgomery City County Personnel Board Rules constitute an employment contract between the City of Montgomery and Plaintiff requiring that he receive payment for accrued leave. The City disputes this rises to the level of an employment contract. However, even if it were to rise to that level, the Personnel Board rules also require 7 days' advance notice prior to the effective date of an employee's resignation to leave in good standing. Plaintiff did not provide the requisite notice. Therefore, he did not leave in good standing and was not entitled to compensation for accrued sick and annual leave.

### Race Discrimination - §42 USC §1981

Plaintiff makes conclusory allegations of racial discrimination and retaliation. However, there are no facts in his complaint to support these claims. He cannot establish an adverse employment action as he resigned from his position with the Montgomery Fire Department. He was placed on administrative leave <u>with pay</u> pending an investigation into the circumstances surrounding his eight arrest (that the City of Montgomery is aware of) for domestic violence. He also cannot identify another employee not of his protected class who was treated more favorably. There has never been another fire department employee in his position who has been arrested, let alone arrested eight times over the course of his career for domestic violence. Therefore, this claim is due to be dismissed.

He has also failed to identify any protected activity he engaged or any actions taken in retaliation for that activity. The City of Montgomery is entitled to summary judgment on both of these claims.

## Conclusion

There is no genuine issue of material fact to support Plaintiff's allegations against Defendant City of Montgomery. Plaintiff has failed to state any claim as to the City of Montgomery upon which relief may be granted. As such, the City is entitled to summary judgment as to all claims. summary judgment.

Respectfully submitted this the 9th day of January, 2020.

/s/Stacy Bellinger
STACY BELLINGER (REE050)
Attorney for Defendant

OF COUNSEL:

City of Montgomery
103 North Perry Street
Montgomery, Alabama 36104
ASB 3470 D63S
Telephone: (334) 625-2050
Facsimile: (334) 625-2310
Email: sbellinger@montgomeryal.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2020, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

K. David Sawyer
Julian L. McPhillips, Jr.
516 South Perry Street
Montgomery, AL 36104
kdsawyer64@outlook.com
jullianmcphillips@msg-lawfirm.com

/s/ Stacy Bellinger
OF COUNSEL

4