IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH BOLLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-244-RAH |
| ) | [WO] |
| CITY OF MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is Defendant City of Montgomery's Motion for Attorney's Fees (Doc. 142) and Bill of Costs (Doc. 143), to which objections have been filed by Plaintiff Kenneth Bolling. Upon review of the Bill of Costs and Bolling's objections, the Court sustains the objections in part. As to the City's request for attorney's fees, the request is due to be denied.

## Motion for Attorney's Fees

The City seeks its attorney's fees pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2), claiming its status as a prevailing party since Bolling lost on both his claims after a bench trial. Bolling responds, arguing that his claim, while not victorious, was not frivolous.

In any action enforcing a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a

1

reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).  Unlike a prevailing plaintiff, however, a prevailing defendant may only receive an award of attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978).  While *Christiansburg Garment* concerned an attorney's fee dispute under Title VII, the Supreme Court extended its reasoning to cover requests for attorney's fees in other civil rights actions in *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).  *See also Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007) ("[A]ctions under § 1988 and Title VII are to be treated identically with concern to attorneys' fees." (citations omitted)).

"In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Tex. Tech Univ.,* 656 F.2d 1137, 1145 (5th Cir. 1981)).  "Factors considered important in determining whether a claim is frivolous . . . include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id*.  "In addition to the three *Sullivan* factors,

this Court has recognized a fourth consideration: whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021). "In most cases where frivolity has been found, 'the plaintiffs did not introduce any evidence to support their claims.'" *Lawson v. KFH Indus., Inc.*, No. 1:09-CV-609-WHA-WC, 2011 WL 671629, at *3 (M.D. Ala. Feb. 18, 2011) (quoting *Sullivan*, 773 F.2d at 1189).

Bolling's claims were not frivolous. As the Court's ruling on the City's summary judgment motion demonstrates, Bolling presented sufficient evidence to raise valid questions of fact for trial. (*See generally* Doc. 32.) Furthermore, the City's attorney's fee request comes after Bolling's case was tried over the course of three days. While the Court ultimately found for the City, sufficient evidence was presented by each side such that the Court had to closely consider which side would emerge victorious. "[W]hen the plaintiff's claim warranted close attention, [the Eleventh Circuit has] held that a district court abused its discretion in awarding fees, even when the other guideposts pointed toward finding the claim frivolous." *Beach Blitz Co.*, 13 F.4th at 1302. Accordingly, the City's motion for attorney's fees is due to be denied.

The Court also notes that the City presents no argument as to why the City is entitled to attorney's fees in this matter. The City appears to simply assume that its

3

victory in this matter entitles it to an automatic award of attorney's fees. That clearly is not the case. Some argument and citation to legal authority is required for the Court to even begin entertaining the notion of awarding attorney's fees to a winning defendant. The City's failure to present argument and to properly develop this issue provides additional reason for why the attorney's fee request is due to be denied.

## Bill of Costs

Aside from its attorney's fees, the City also seeks cost of $4,440.58, largely comprising of printing, trial transcript and deposition costs. Bolling objects only to $1592.65 of the total costs sought by the City.

First, Bolling objects to the following deposition-related costs: costs for expedited transcript, costs for travel transcript copies, costs for deposition exhibits, and a court reporter's appearance fee. "Taxation of deposition costs is authorized by [28 U.S.C.] § 1920(2)." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'") (quoting *United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir. 1963))). However, deposition costs that are "incurred for convenience, to aid in thorough preparation, or for purposes of investigation only" are not recoverable. *Id.* (quoting *Goodwall Constr. Co. v. Beers Constr. Co.*, 824 F. Supp. 1044, 1066

(N.D. Ga. 1992)). Furthermore, costs associated with depositions are only taxable where the deposition itself was "necessarily obtained." *See Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663, 666 (M.D. Ala. 1999).

As it concerns the costs associated with the expedited Bolling deposition transcript, neither party provides much if any argument or explanation regarding their respective positions for why this cost was or was not necessary. Since the City has not responded to Bolling's objection—as broad as it is—the Court in its discretion will sustain Bolling's objection to this cost. Accordingly, the Court lowers the cost awarded for this deposition by $444.60, from $912.60 to $468.

As to the costs for the travel transcript and exhibits for the Bolling deposition, the City again provides no convincing argument for why these costs were necessary or anything other than convenience costs. Accordingly, Bolling's objection to the $30 cost for a travel transcript and the $28.50 costs for exhibits are sustained.

As to the court reporter's appearance fee for Bolling's deposition, Bolling does not show why this is a convenience fee or anything other than a fee charged by the court reporter in all depositions. Accordingly, Bolling's objection to the $100 convenience fee is overruled.

Bolling also objects to the exhibit and travel transcript costs incurred by the City for the Miford Jordan and Ron Sams depositions. For the same reason the

Court sustained Bolling's objection to these costs in relation to the Bolling deposition, the Court will do so for the Jordan and Sams depositions. Accordingly, Bolling's objection to the $60 travel transcript cost and the $17.55 exhibit cost are sustained.

Bolling also objects to the cost incurred by the City in ordering the trial transcripts for May 16 and May 17, 2022, on an expedited basis. He notes that the City could have requested the transcript well before June 28, 2022, therefore obviating the need to order it on an expedited basis. The City has not provided any response as to why this cost was necessary, nor does the Court see any, and therefore Bolling's objection to this case is due to be sustained. Accordingly, the amount awarded to the City will be reduced from $945.75 to $711.75.

Lastly, Bolling objects to the $678 cost associated with the depositions of Ernest Finley, II and Matt Manning, two individuals who gave depositions but did not testify at trial. Since the City does not respond, this objection is also due to be sustained.

## Conclusion

In accordance with the foregoing, it is ORDERED that:

(1) Defendant City of Montgomery's Motion for Attorney's Fees (Doc. 142) is DENIED.

(2) Plaintiff Kenneth Bolling's Objections (Doc. 145) to Defendant City of Montgomery's Bill of Costs (Doc. 143) is SUSTAINED in part. Costs in the amount of $1,582.65 are DISALLOWED, and costs of $2,857.43 are ALLOWED. To the extent Defendant City of Montgomery seeks to tax costs against Plaintiff Kenneth Bolling (Doc. 143), the motion is GRANTED.

(3) Costs in the amount of $2,857.43 are hereby taxed against Bolling, for which execution may issue.

DONE, on this the 21st day of February 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE